WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Richard LeGrand Gause,

    Plaintiff,

v.

Unknown Thude, et al.,

    Defendants.

No. CV-17-01190-PHX-JJT (ESW)

**ORDER**

This matter is before the Court on its own review. On April 20, 2017, Arizona state prisoner Richard Gause ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. The two-count Complaint (Doc. 1) alleges (i) an Eighth Amendment medical care claim against Nurse Practitioner Thude and Director of Health Winford Williams regarding treatment of Plaintiff's nerve damage and chronic pain and (ii) a claim alleging that Plaintiff was denied condiments, napkins, and utensils while confined in the Rast Max Unit. (*Id.* at 3-8). In its April 27, 2017 Screening Order, the Court ordered Defendants Thude and Williams to answer the Eighth Amendment medical care claim and dismissed the second claim. (Doc. 6 at 6-8).

On November 6, 2017, Plaintiff filed a First Amended Complaint (Doc. 21) as a matter of course. The First Amended Complaint does not amend Count One and replaces

Count Two in its entirety.[1] Count Two of the First Amended Complaint raises an Eighth Amendment medical care claim against a number of Defendants. (*Id.* at 10-19). Defendants Thude and Williams have answered the First Amended Complaint. (Docs. 23, 39). In accordance with the Court's continuing obligation to screen prisoners' complaints, 28 U.S.C. § 1915A(a), the Court will screen the First Amended Complaint.

# I. DISCUSSION

## A. Legal Standards

### 1. Screening Prisoner Complaints

The Prison Litigation Reform Act, 42 U.S.C. § 1997e (c)(1), requires the Court to dismiss all allegations that fail to state a claim upon which relief may be granted. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). The Court must dismiss a complaint or portion thereof that is legally frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(A)(b)(1), (2). In reviewing Plaintiff's First Amended Complaint, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296-98 (9th Cir. 1998). A claim for relief must be plausible on its face to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679. The following discusses the legal standards pertaining to Eighth Amendment medical care claims.

### 2. Eighth Amendment Medical Care Claims

Not every claim by a prisoner relating to inadequate medical treatment states a

---

[1] The First Amended Complaint does not comply with LRCiv 15.1. However, given that the First Amended Complaint does not amend Count One and replaces Count Two of the original Complaint in its entirety, the Court will not strike the First Amended Complaint for failure to comply with LRCiv 15.1. *See* LRCiv 83.6 (any of the Local Rules may be suspended upon the Court's own motion).

violation of the Eighth Amendment. To state a Section 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of acts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Id.*; *Estelle*, 429 U.S. at 104-05.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F. 2d 458, 460 (9th Cir. 1980) (mere claims of indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

(9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### B. All Defendants will be Required to Answer the Complaint

#### 1. Count One

As mentioned, the First Amended Complaint does not amend Count One. For the reasons explained in the Court's prior Order (Doc. 6 at 6), the Court finds that Count One of the First Amended Complaint sufficiently states an Eighth Amendment medical care claim against Defendants Thude and Williams. Defendants Thude and Williams already have answered Count One of the First Amended Complaint. (Docs. 23, 39).

#### 2. Count Two

Count Two of the First Amended Complaint raises an Eighth Amendment medical care claim against newly added Defendants Corizon Health Corporation ("Corizon"), Dr. Richard Pratt, Director of Nursing Donna, Nurse Latoya Boyce, Assistant Facility Health Administrator ("AFHA") LaBar, and Facility Health Administrator ("FHA") Rojas. (Doc. 21 at 10-19). Count Two also names Defendants Thude and Williams.

Plaintiff alleges that Corizon has "policies on how the providers may issue medical care that makes recieving [sic] adequate medical care when you have certain injuries next to impossible." (Doc. 21 at 10). Plaintiff asserts that he suffers from chronic, debilitating back pain that is not being adequately treated, explaining that the pain is "like being stabbed with a hot knife and shot with a shotgun both at the same time over and over in my lower spine[.]" (*Id.* at 11).

Plaintiff contends that Corizon "is at fault for having policies that prohibit providers and nurses from treating serious back pain with a blanket order to 'not treat any back pain/injuries with anything besides NSAID's or stretches' no matter seriousness of it." (*Id.* at 16).

Plaintiff asserts in part that Defendant Nurse Boyce "is at fault as the sick call nurse who repeatedly failed to follow policy. She refused to schedule provider visits in

accordance with policy as when seen 3x for same issue . . . . She refused to evaluate me at medical I.C.s, sick call visits." (*Id.* at 17).

Plaintiff states that Defendant Director of Nursing Donna is Nurse Boyce's superior. (*Id.*). Plaintiff asserts that Defendant Director of Nursing "refuses to acknowledge" Plaintiff's complaints and "has told Boyce over the phone she does not have to follow Grievance Resolutions or keep seeing me at open sick call which is open to all inmates every single day per policy." (*Id.*).

Plaintiff states that Defendant Dr. Pratt is the doctor who approves or denies medication like Gabapentin or Tramadol. (*Id.*). Plaintiff asserts that he is "being denied complete care for my nerve damage/pain issues." (*Id.*).

Plaintiff explains that Defendant AFHA LaBar is in charge of grievances and responses. (*Id.* at 18). Plaintiff alleges that he "wrote her numerous HNRs, inmate letters, grievances" that are "not answered in time frames if answered at all, nor do they even address my issues stated." (*Id.*). Plaintiff contends that Defendant AFHA LaBar has "[r]efused to enforce policy and procedures" and "has repeatedly put my health and life at risk by refusing to answer issues in both Grievance, HNRs and inmate letters . . . ." (*Id.* at 19).

Finally, Plaintiff asserts that FHA Rojas is "at fault for refusing to address staff not following policy when notified of it," which Plaintiff contends has put his "health in jeopardy and life at risk." (*Id.* at 19).

Liberally construed, the Court finds that Count Two sufficiently states an Eighth Amendment medical care claim against Defendants. Defendants Thude and Williams already have answered Count Two of the First Amended Complaint. (Docs. 23, 39). The Court will require Defendants Corizon, Dr. Pratt, Director of Nursing Donna, Nurse Boyce, AFHA LaBar, and FHA Rojas to also answer Count Two of the First Amended Complaint.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants Corizon, Dr. Pratt, Director of Nursing Donna, Nurse Boyce, AFHA LaBar, and FHA Rojas must answer Count Two of the First Amended Complaint (Doc. 21).

**IT IS FURTHER ORDERED** that:

1. The Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint, this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Corizon, Dr. Pratt, Director of Nursing Donna, Nurse Boyce, AFHA LaBar, and FHA Rojas.

2. Plaintiff shall complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

4. The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff shall list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

5. The United States Marshal must notify Defendants Corizon, Dr. Pratt, Director of Nursing Donna, Nurse Boyce, AFHA LaBar, and FHA Rojas of the commencement of this action and request waiver of service of the summons pursuant to Fed. R. Civ. P. 4(d). The notice to Defendants must include a copy of this Order. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, First Amended Complaint, and this Order, upon Defendants pursuant to Fed. R. Civ. P. 4(e)(2); and

(b) Within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Fed. R. Civ. P. 4(d)(2), unless otherwise ordered by the Court.

6. **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

8. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 9th day of April, 2018.

_____
Eileen S. Willett
United States Magistrate Judge