WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard LeGrand Gause,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Thude, et al.,<br><br>    Defendants. | No. CV-17-01190-PHX-JJT (ESW)<br><br>**ORDER** |

This Order addresses a number of pending Motions (Docs. 35, 38, 43, 45, 51, 52, 55).

## **I. DISCUSSION**

### A. Plaintiff's "Defendant Winfred Williams Failure to Follow any Rules of the Court. Judgement Requested" (Doc. 35) and "Default Judgement Requested against Defendant Winfred Williams" (Doc. 38)

In two documents filed on February 16, 2018 and March 2, 2018 (Docs. 35, 38), Plaintiff seeks the entry of a default judgment against Defendant Williams. Defendant Williams executed a Waiver of Service of Summons as to Plaintiff's Complaint (Doc. 1) on August 13, 2017. (Doc. 11 at 2). On March 9, 2018, Defendant Williams filed an Answer to Plaintiff's First Amended Complaint (Doc. 39). Defendant Williams has responded to Plaintiff's "Default Judgement Requested against Defendant Winfred Williams" (Doc. 38). (Doc. 40). As they are dispositive in nature, Plaintiffs' filings (Docs. 35, 38) requesting default judgment against Defendant Williams will be referred

to the District Judge.

**B. Plaintiff's "Request to dismiss Defendant Williams' Counsel to Represent him and void any and all Motions filed as Unlawful and in Violation of the Courts [sic] Rules" (Doc. 43)**

In his March 27, 2018 filing (Doc. 43 at 3), Plaintiff requests that the Court "deny Defendant Williams counsel by Nichole Rowey Bar No. 028140 and Anthony Fernandez Bar No. 018342 and also by anybody associated with Corizon's counsel firms Quintairos, Prieto, Wood & Boyer P.A., also Renaud, Cook, Drury, Masaros P.A. Corizon's other counsel for lawsuits[.]" Plaintiff alleges that both of these firms "have shown they will disobey Rules of the Courts, fraudulently forge documents and send perjured documents to the Courts in hopes that because they are huge law firms the Courts will believe they are above that." (*Id.*).

Motions to disqualify counsel are "subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir. 1985) (quotations omitted). Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens,* 717 F.2d 417, 420 (7th Cir. 1983). To be justified, a motion to disqualify must be based on present concerns and not concerns which are merely anticipatory and speculative. *In re Coordinated Pretrial Proceedings, etc.*, 658 F.2d 1355, 1361 (9th Cir. 1981).

The Court does not find that Plaintiff's general and conclusory allegations provide good cause to disqualify Defendant Williams' counsel. Plaintiff's "Request to Dismiss Defendant Williams' Counsel . . ." (Doc. 43) therefore will be denied.

**C. Plaintiff's Motions to Compel (Docs. 45, 51, 52)**

On December 29, 2017, the Court issued a Scheduling Order setting forth a procedure for resolving discovery disputes. (Doc. 25 at 3). In bold letters, the Court advised the parties that the Court will not consider a motion regarding discovery matters unless (i) the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and (ii) the parties have participated in a discovery conference with the Court. The Scheduling Order set

forth the requirements for filing a request for a discovery conference, and informed the parties that a request that does not comply with those requirements may be stricken. (*Id.*). Finally, the Court advised the parties in bold letters that a discovery motion that is filed in noncompliance with the requirements set forth in the Scheduling Order may be stricken. (*Id.*). Plaintiff has filed the following motions pertaining to discovery:

1. "Motion to Compell [sic] Discovery Requests Defendant Thude" (Doc. 45)
2. "Motion to Compel Defendant Williams to Comply with Discovery, Interrogattories [sic], Admittances" (Doc. 51)
3. "Motion to Compel from Request for Production" (Doc. 52);

Plaintiff's discovery motions do not comply with the requirements set forth in the Court's Scheduling Order. Accordingly, they will be stricken.

**D. Defendant's "Motion to Strike Plaintiff's Discovery Requests (Doc. 27 and 32)" (Doc. 55)**

On April 6, 2018, Defendants moved the Court to strike Plaintiff's discovery requests filed in January 2018 (Docs. 27, 32). On April 17, 2018, Plaintiff filed another discovery request (Doc. 66). Federal Rule of Civil Procedure 5(d) states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff's filing of his actual discovery requests (Docs. 27, 32, 66) instead of a "Notice of Service" violates LRCiv 5.2 and Federal Rule of Civil Procedure 5(d). The Court will grant Defendants' Motion (Doc. 55) and will direct the Clerk of Court to strike Plaintiff's discovery requests (Docs. 27, 32, 66). The Court deems Plaintiff's discovery requests to have been served on Defendants as of the date of filing.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** referring to the District Judge Plaintiff's "Defendant Winfred Williams Failure to Follow any Rules of the Court. Judgement Requested" (Doc. 35) and "Default Judgement Requested against Defendant Winfred Williams" (Doc. 38).

**IT IS FURTHER ORDERED** denying Plaintiff's "Request to dismiss Defendant Williams' Counsel to Represent him and void any and all Motions filed as Unlawful and in Violation of the Courts [sic] Rules" (Doc. 43).

**IT IS FURTHER ORDERED** striking Plaintiff's "Motion to Compell [sic] Discovery Requests Defendant Thude" (Doc. 45); "Motion to Compel Defendant Williams to Comply with Discovery, Interrogattories [sic], Admittances" (Doc. 51); and "Motion to Compel from Request for Production" (Doc. 52).

**IT IS FURTHER ORDERED** granting Defendant's "Motion to Strike Plaintiff's Discovery Requests (Doc. 27 and 32)" (Doc. 55).

**IT IS FURTHER ORDERED** striking Plaintiff's discovery requests (Docs. 27, 32, 66).

Dated this 24th day of April, 2018.

_____
Eileen S. Willett
United States Magistrate Judge