**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard LeGrand Gause,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Thude, et al.,<br><br>Defendants. | No. CV-17-01190-PHX-JJT (ESW)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

**TO THE HON. JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court are Plaintiff's "Rescind Settlement Agreement" (Doc. 68), Stipulation to Dismiss with Prejudice Andreas Thude, Winfred Williams, Richard Pratt, Dianna Labar, Latoya Boyce, Donna Mendoza, and Brenda Rojas (Doc. 69), Notice of Settlement (Doc. 70), Plaintiff's "Notice to Courts of Settlement Acceptence [sic]" (Doc. 71), Defendants' Response to Plaintiff's Motion to Rescind Settlement Agreement (Doc. 73), Plaintiff's "Notice to Courts of Reached Settlement Agreement" (Doc. 74), Plaintiff's "Notice to Courts and Defendants to Finalize Settlement" (Doc. 75), Plaintiff's "Defendant Winfred Williams failure to follow any Rules of the Court. Judgement requested" (Doc. 35), Plaintiff's "Default Judgement Requested against Defendant Winfred Williams." (Doc. 38), Plaintiff's "Motion to Dismiss Defendants Williams' Answer to Complaint Additional reasons" (Doc. 56), "Motion Requesting Instant Discovery Conference" (Doc. 61), and Plaintiff's "Motion Requesting Defendant Williams prove he gave consent 3-8-17 or 3-8-18 to have counsel." (Doc. 64).

Reading all of Plaintiff's filings in chronological order, the Court finds that a settlement has been reached among Plaintiff and Defendants Thude, Williams, Pratt, Labar, Boyce, Mendoza and Rojas which involves Plaintiff receiving a prescription for Gabapentin. Plaintiff states: "I was willing to settle in belief that my medication would be renewed this one last time and they wouldn't have to be renewed no more, as I am about to go home." (Doc. 68 at 2). Defendants thereafter produced documentation reflecting that the Gabapentin prescription was renewed for an additional 120 days upon its May 15, 2018 expiration, providing 800mg BID-twice daily of Gabapentin Tabs to Plaintiff through September 12, 2018. (Doc. 73 at 5-6). Plaintiff most recently writes: "Defendants renewed my Gabapentin until I go home and upon payment I do agree to Stipulated Settlement Agreement I signed." (Doc. 75). The funds about which the Plaintiff refers are a part of Plaintiff's settlement with Corizon Health, Inc. and are mentioned in Defendant Corizon Health Inc.'s Notice of Settlement (Doc. 70) for which no stipulation to dismiss has been filed to date undoubtedly because Plaintiff has not yet received those funds.

Because individual Defendants have addressed the concerns of Plaintiff set forth in his "Rescind Settlement Agreement" (Doc. 68), the Court will deny Plaintiff's request to rescind his settlement agreement with Defendants Andreas Thude, Winfred Williams, Richard Pratt, Dianna Labar, Latoya Boyce, Donna Mendoza, and Brenda Rojas. (Doc. 68).

Because Plaintiff has settled his claims against Defendant Williams, Plaintiff's "Defendant Winfred Williams failure to follow any Rules of the Court. Judgement requested." (Doc. 35), "Default Judgement Requested against Defendant Winfred Williams" (Doc. 38), "Motion to Dismiss Defendants Williams' Answer to Complaint Additional reasons" (Doc. 56), "Motion Requesting Instant Discovery Conference" (Doc. 61), and "Motion Requesting Defendant Williams prove he gave consent 3-8-17 or 3-8-18 to have counsel" are moot. (Docs. 35, 38, 56, 61 and 64). The District Judge may now deny as moot previously referred "Defendant Winfred Williams failure to follow any

Rules of the Court. Judgement requested." (Doc. 35) and "Default Judgement Requested against Defendant Winfred Williams." (Doc. 38). "Motion to Dismiss Defendants Williams' Answer to Complaint Additional reasons" (Doc. 56) is also dispositive. The undersigned Magistrate Judge will recommend Plaintiff's dispositive motions involving Defendant Williams (Docs. 35, 38, 56) be denied as moot. The undersigned will deny "Motion Requesting Instant Discovery Conference" (Doc. 61) and "Motion Requesting Defendant Williams prove he gave consent 3-8-17 or 3-8-18 to have counsel" (Doc. 64) as moot.

Upon Defendant Corizon Health, Inc.'s filing of a Stipulation to Dismiss with Prejudice, which the Court will order be filed within thirty (30) days, Plaintiff will have received the funds he references in his multiple notices, and the Court may accept the Stipulations (Doc. 69) of the parties and dismiss this case with prejudice.

## CONCLUSION

For the reasons set forth above,

**IT IS RECOMMENDED** Plaintiff's "Defendant Winfred Williams failure to follow any Rules of the Court. Judgement requested." (Doc. 35), "Default Judgement Requested against Defendant Winfred Williams" (Doc. 38), and "Motion to Dismiss Defendants Williams' Answer to Complaint Additional reasons" (Doc. 56) be denied as moot.

**IT IS ORDERED** denying as moot "Motion Requesting Instant Discovery Conference" (Doc. 61) and "Motion Requesting Defendant Williams prove he gave consent 3-8-17 or 3-8-18 to have counsel" (Doc. 64).

**IT IS FURTHER ORDERED** denying Plaintiff's "Rescind Settlement Agreement" (Doc. 68).

**IT IS FURTHER ORDERED** that Defendant Corizon Health, Inc. file a Stipulation to Dismiss with Prejudice consistent with its Notice of Settlement (Doc. 70) or, alternatively, a status report within thirty (30) days of the filing of this Order.

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 17th day of May, 2018.

_____
Eileen S. Willett
United States Magistrate Judge